No. 67,523

IN THE MATTER OF ROBERT E. JENKINS, *Respondent.*

(833 P.2d 1013)

Opinion filed May 22, 1992.

*Paula B. Martin,* deputy disciplinary administrator, argued the cause and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for petitioner.

*Robert E. Jenkins,* respondent pro se, argued the cause.

*Per Curiam:* This is an original attorney disciplinary proceeding filed by the Disciplinary Administrator against Robert E. Jenkins, respondent, an attorney duly admitted and licensed to practice law in the state of Kansas. Jenkins graduated from law school and was admitted to the Kansas Bar in 1971. He has been engaged in the active practice of law since that date. In recent years his practice has been concentrated in the areas of criminal law and divorce.

There were two disciplinary complaints involved in this case and the facts relating to this proceeding are not disputed. Complaint B5148 concerns Jenkins' suspension and subsequent disbarment from practice before the United States Court of Appeals for the Tenth Circuit and the United States District Court for the District of Kansas. Complaint B5056 grew out of Jenkins' representation of Richard Campbell for injuries and medical treatment Campbell sustained in an automobile accident.

B5148. On March 15, 1990, Jenkins was suspended from practicing before the United States Court of Appeals for the Tenth Circuit for his failure to file a designation of record in the case of *United States of America v. Rolando Ferrer-Mazorra,* No. 89-3276, and for his failure to respond to the Court's order to show cause why he should not be disciplined for his failure to file the designation of record.

On June 29, 1990, Jenkins was disbarred from practicing before the United States Court of Appeals for the Tenth Circuit for his failure to file a docketing statement, designation of record, and

transcript order for the appeal *United States of America v. William D. Nelson, Jr.*, No. 90-3081, and for his failure to respond to the order of the court to show cause why he should not be disciplined for this failure.

On January 21, 1991, Jenkins was disbarred from practicing before the United States District Court for the District of Kansas because he had been disbarred from practicing before the United States Court of Appeals for the Tenth Circuit.

B5056. Jenkins was retained by Richard Campbell to represent him for injuries sustained in an automobile accident that occurred on December 15, 1989, and subsequent medical treatment. During the course of the representation, Jenkins received five checks from insurance companies and failed to forward the checks to the health care providers. Jenkins never negotiated the checks. Campbell received notices from the health care provider facilities that his accounts were delinquent. The health care providers threatened to file suit against Campbell if payments were not received. Campbell attempted to contact Jenkins. He left messages informing Jenkins of the notices he was receiving from the creditors, but Jenkins did not return Campbell's calls. During the one-year period Jenkins represented Campbell, they spoke only twice.

After the disciplinary complaint was filed, Jenkins wrote Campbell a letter terminating their attorney/client relationship. Jenkins returned Campbell's file, reimbursed Campbell the $55.00 filing fee paid in the event suit was filed, and forwarded four of the five checks issued by Farmers Insurance Group of Companies for Campbell's medical expenses. The fifth check, for $898.50, was not returned because Jenkins could not find it. All checks were void at the time they were returned to Campbell.

In reaching its decision in Case No. B5148, the hearing panel observed that Supreme Court Rule 202 (1991 Kan. Ct. R. Annot. 142) provides that a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of disciplinary proceedings in Kansas. In addition, it noted Model Rule of Professional Conduct 1.1 (1991 Kan. Ct. R. Annot. 228) provides as follows: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness

and preparation reasonably necessary for the representation." The panel found Jenkins (1) failed to act with reasonable diligence and promptness in representing a client (MRPC 1.3 [1991 Kan. Ct. R. Annot. 232]); (2) failed to make reasonable efforts to expedite litigation consistent with the interests of the client (MRPC 3.2 [1991 Kan. Ct. R. Annot. 275]); (3) engaged in conduct that is prejudicial to the administration of justice (MRPC 8.4[d] [1991 Kan. Ct. R. Annot. 308]); and (4) engaged in conduct that adversely reflects on the lawyer's fitness to practice law (MRPC 8.4[g]).

In Case No. B5056 the panel found Jenkins: (1) failed to act with reasonable diligence and promptness in representing a client (MRPC 1.3); (2) failed to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information (MRPC 1.4[a] [1991 Kan. Ct. R. Annot. 234]); (3) failed to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation (MRPC 1.4[b]); and (4) failed to promptly notify the client he had received funds (MRPC 1.15[b] [1991 Kan. Ct. R. Annot. 263]). In addition, the panel found Jenkins failed to deliver to the client or third person any funds or other property that the client or third person was entitled to receive and, upon request by the client or third person, failed to promptly render a full accounting regarding such property (MRPC 1.15[b]).

The panel noted there were various mitigating and aggravating factors. Aggravating factors included four previous disciplinary complaints for which Jenkins received informal admonitions. The earliest prior complaint was in 1984. It involved Jenkins' signing a client's name to an answer and verifying the answer as a notary public when the client had not given him authority to sign his name. The second complaint was made in 1987. It involved Jenkins' failure to file a journal entry of divorce until after the complaint had been filed. The third complaint was on June 30, 1988. The docket sheet in the Office of Disciplinary Administrator does not indicate the nature of that complaint. The fourth complaint involved a debt Jenkins was to collect. Jenkins failed to take any action towards collection of the debt for one year.

As mitigating factors, the hearing panel noted that Jenkins served as a Captain in the United States Army during the Vietnam

conflict and received decorations for Vietnam service. He is married and has two children. His oldest daughter graduated from the University of Kansas in the spring of 1991. He has a son who attends Kansas City, Kansas, Community College. Respondent is 47 years old. He is a recovered alcoholic, but quickly admits that he has not had a drink since 1983, and his former alcoholism did not have anything to do with the problems in the present matter. His wife is a heart patient at the present time. She has had a brain tumor for about a year and one-half. Respondent readily admits that he has tried to represent too many people, and that he has a difficult time turning clients away.

In recommending discipline, the hearing panel noted that (1) all of the violations in this matter relate primarily to a lack of diligence; (2) other lawyers were appointed to represent the defendants involved in the federal cases and there was no serious injury to those clients; (3) in Case B5056 there was no serious injury to the client; (4) however, under § 4.42 of the ABA Standards for Imposing Lawyer Sanctions, suspension is generally appropriate when a lawyer engages in a pattern of neglect and causes neglect or potential injury to a client.

The panel then recommended that the respondent be suspended from the practice of law for a period of two years. However, in accordance with *In re Jantz*, 243 Kan. 770, 763 P.2d 626 (1988), the panel stated the respondent should be placed on probation under strict supervision for a period of two years and be permitted to practice law during that time. Supervision would be by Rodney Turner, a principal partner in the law firm of Turner, Vader & Koch, Chartered.

Jenkins did not file exceptions but stated he was accepting the recommendations set out in the final hearing report.

In *In re Jantz*, 243 Kan. 770, the attorney deposited $8,534 in his attorney's trust account at the bank. This money had come to the attorney through protracted litigation and was to be held for his client. Jantz subsequently withdrew the funds from his trust account and converted them to his personal use. Later, the district judge questioned Jantz concerning the client's funds, and Jantz told the judge that he had two trust accounts. In a later conversation, Jantz admitted to the judge that he did not have the client's money in any account. The judge reported this in-

formation to the county attorney and the disciplinary adminstrator.

Prior to Jantz's formal hearing before a disciplinary panel, the client's funds had been fully restored. Jantz appeared before the board in person and by counsel. By answer, he admitted the charges filed against him by the disciplinary administrator. Jantz did not dispute the charges, but offered substantial evidence in mitigation. The panel found that Jantz, by his actions, had violated DR 1-102 (1991 Kan. Ct. R. Annot. 174) and DR 9-102 (1991 Kan. Ct. R. Annot. 216) by withdrawing client funds in the sum of approximately $8,500 from his trust account, and by converting said funds to his personal use; and that he had violated DR 7-102 (1991 Kan. Ct. R. Annot. 204) in concealing his misconduct from his client and in making false statements to the judge.

The panel considered this an unusual and unique case, and recommended that Jantz be disciplined by suspension, but that he be placed on probation under strict supervision for a period of two years and be permitted to practice law during that time. The hearing panel emphasized that the suspension of discipline was appropriate in exceptional cases only and that the findings and recommendations of the panel were not intended to establish a precedent or standard for future proceedings involving any member of the bar.

Jantz was indefinitely suspended with the indefinite suspension suspended and probated with supervision for a period of two years.

We agree with the hearing panel that Jenkins' conduct, although serious, does not warrant suspension or disbarment at this time. This court is inclined to follow the recommendations of the hearing panel and place the respondent under supervision for a period of two years.

IT IS THE ORDER OF THE COURT that Robert E. Jenkins be and he is hereby disciplined by being indefinitely suspended from the practice of law; however, that discipline is hereby suspended and probated, and respondent is authorized to continue the practice of law under the terms and conditions imposed by the hearing panel which are hereby made a part of this order of disposition. Probation and supervision shall continue for a period of two years.

Respondent's practice of law shall be supervised by Rodney Turner for a term of two years from the date of this order in the manner specified in writing by agreement of the Disciplinary Administrator and Rodney Turner as supervising attorney. Further, the supervising attorney shall from time to time report to the Disciplinary Administrator.

Upon report of any misconduct or noncompliance with these orders by respondent, the Disciplinary Administrator shall promptly inform the Supreme Court and an order shall be issued directing respondent to show cause why this order should not be vacated and such discipline be imposed as circumstances may require.

Upon receipt of affidavits by respondent and the supervising attorney that respondent has complied fully with the terms and conditions of this order and that supervision is no longer necessary, the Disciplinary Administrator shall advise the Supreme Court in writing that the supervision of respondent has terminated.

Upon receiving the report of the Disciplinary Administrator, this court shall, upon notice to respondent, make such order as justice and equity may require.

If the supervising attorney declines or fails to file an affidavit of compliance, the Disciplinary Administrator shall investigate to determine whether respondent should be further disciplined. In that event, the Disciplinary Administrator may recommend termination of supervision, continuation of discipline on specified terms and conditions, or that other discipline be imposed.

IT IS FURTHER ORDERED that this order be published in the Kansas Reports and that respondent pay the costs of this proceeding and any costs associated with the supervision of his practice.