No. 67,523

In the Matter of ROBERT E. JENKINS, *Respondent.*

(853 P.2d 648)

Opinion filed May 28, 1993.

*Paula B. Martin,* special deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Robert E. Jenkins* appeared pro se.

*Per Curiam:* On May 22, 1992, this court indefinitely suspended respondent, Robert E. Jenkins, from the practice of law and immediately suspended that discipline and placed respondent on supervised probation for a period of two years. Rodney Turner was designated as the supervising attorney and was required to report to the Disciplinary Administrator. Respondent was authorized to continue the practice of law under the terms and conditions imposed by the hearing panel, which were made a part of the court's order. The Disciplinary Administrator was ordered to report promptly to this court any report of misconduct or noncompliance by respondent. *In re Jenkins,* 251 Kan. 264, 833 P.2d 1013 (1992).

The Disciplinary Administrator filed reports with this court on June 23, 1992, and December 1, 1992. The June 23, 1992, report indicated there were two complaints against respondent pending with the Board for Discipline of Attorneys. One count in one of the complaints alleged that respondent had failed to cooperate with the Disciplinary Administrator in the investigation of that complaint. The December 1, 1992, report indicated that three additional complaints against respondent had been filed with the Board. One count of one of these complaints also alleged a failure to cooperate in the investigation. Thereafter, additional complaints against respondent were filed with the Board for Discipline of Attorneys. Additional letters of complaint have been docketed and are in the investigative stage.

On January 12, 1993, the supervising attorney, in response to a request from the Disciplinary Administrator's office for a status

report, indicated that he no longer wished to serve as supervising attorney due to respondent's delay in providing him with information, respondent's failure to deliver new files, and respondent's failure to provide requested information. Thereafter, the supervising attorney filed a motion with this court requesting that he be relieved of his duties as supervisor. His motion was granted on January 22, 1993.

On February 26, 1993, the Disciplinary Administrator filed with this court an accusation in contempt against respondent requesting issuance of an order to respondent to appear and show cause why the order of probation should not be vacated and appropriate discipline be imposed.

Thereafter, on March 1, 1993, this court issued an order directing respondent to appear before the court to show cause why the order of probation should not be revoked and appropriate discipline imposed. On April 16, 1993, the matter was heard by the court.

After consideration of the arguments of the parties, the reports of the supervising attorney, the pending disciplinary matters involving respondent, and respondent's failure to comply with the orders of this court, the court finds that respondent should be suspended from the practice of law in the State of Kansas for an indefinite period commencing May 22, 1992, the date of the court's grant of probation in this matter.

IT IS THEREFORE ORDERED that respondent be and he is hereby suspended from the practice of law in Kansas for an indefinite period commencing May 22, 1992.

IT IS ALSO ORDERED that this order be published in the Kansas Reports and that respondent pay the costs of this proceeding.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (1992 Kan. Ct. R. Annot. 176).